1  Mathew K. Higbee, Esq., State Bar No. 241380
   Hany Gonzalez, Esq., State Bar No. 335677
2  **HIGBEE & ASSOCIATES**
   1504 Brookhollow Dr., Suite 112
3  Santa Ana, CA 92705
   (714) 617-8358
4  (714) 597-6559 facsimile
   mhigbee@higbeeassociates.com
5  hgonzalez@higbeeassociates.com

6  *Attorneys for Plaintiff,*
   JAMES FORTUNE

7

8

9              **UNITED STATES DISTRICT COURT**
10             **CENTRAL DISTRICT OF CALIFORNIA**

11 JAMES FORTUNE,                    Case No. **2:21-cv-4363**

12                    Plaintiff,     **COMPLAINT FOR**

13 v.                               **(1) COPYRIGHT**
                                        **INFRINGEMENT**
14 RAÚL ROSSELL II d/b/a FEEL
   NUMB; and DOES 1 through 10      **(2) UNAUTHORIZED**
15 inclusive,                           **ALTERATION OF**
                                        **COPYRIGHT MANAGEMENT**
16                    Defendants.        **INFORMATION**

17

18

19

20     Plaintiff James Fortune, for his Complaint against Defendants Raúl Rossell II

21 d/b/a Feel Numb and DOES 1 through 10 inclusive, alleges as follows:

22                 **JURISDICTION AND VENUE**

23     1.    This is a civil action seeking damages and injunctive relief for

24 copyright infringement under the Copyright Act of the United States, 17 U.S.C. §

25 101 *et seq* and 17 U.S.C. § 1202.

26     2.    This Court has subject matter jurisdiction over Plaintiff's claims for

27 copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

28     3.    This court has personal jurisdiction over Defendant because

Defendant's acts of infringement complained of herein occurred in the state of California, Defendant's acts of infringement were directed towards the state of California, Defendant caused injury to Plaintiff within the state of California, and Defendant has a physical presence in the state of California.

4.     Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which substantial part of the acts and omissions giving rise to the claim occurred.

## PARTIES

5.     Plaintiff James Fortune ("Fortune") is an individual and retired professional photographer.

6.     Defendant Raúl Rossell II d/b/a Feel Numb ("Feel Numb") is a California business that may be served with process at 8939 S. Sepulveda Blvd, Suite 400, Los Angeles, CA, 90045.

7.     Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8.     James Fortune is a retired professional photographer.

9.     Because Fortune is retired, he is dependent on generating license revenue from his life's work.

10.     Fortune's career began with coverage of the 1966 L.A. riots on Sunset Boulevard when his picture of protesters on a bus roof was published around the

world. In 1967, he photographed Jim Morrison and the Doors for his college newspaper, kicking off a career documenting rock music icons.

11. From 1968 to 1969, Fortune took a short break from photographing rock bands to serve as a U.S. Navy combat photographer in Vietnam. During the Vietnam War, Fortune also served six months as a combat photographer with the United States Pacific Fleet Combat Camera Group.

12. After completing his tour of duty, he became a regular fixture in the backstage areas and VIP sections of the nation's largest musical events.

13. Fortune spent more than a decade photographing rock and roll icons such as Mick Jagger, Paul McCartney, Iggy Pop, Jim Morrison, Elton John, and countless others.

14. Fortune's photographs are iconic and recognizable. Posters of his work adorned the bedroom walls of America's youth in the 1970s and early 1980s.

15. Fortune has a catalog of over 15,000 images from the 1960s and 1970s that contains shots of everything from the hippie riots in Hollywood to Gene Simmons and Cher sharing an eclair.

16. Over 150 of his iconic shots are part of the permanent collection of the Rock and Roll Hall of Fame in Cleveland.

17. In 2016, The Smithsonian Anacostia Museum in Washington DC. chose several of Fortune's photographs to be included In their "Washington DC, 1965–1975" year–long show. In 2017, Smithsonian Books published "Smithsonian Rock and Roll," which featured Fortune's 1973 Led Zeppelin photograph on the front and back cover, plus 7 pages of photographs published inside.

18. Over the past 40 years, Fortune's insightful and intimate images have been seen by millions in books, magazines, album covers, and other worldwide media.

19. Fortune is the sole author and exclusive rights holder to four photographs of rock and roll icons: one photograph of The Beach Boys member

Brian Wilson wearing a robe and sitting next to The Who member Keith Moon at Moon's 28th birthday party ("Robe Photograph"), one photograph of Led Zeppelin member Robert Plant holding a dove in one hand and a cigarette in the other ("Robert Plant Photograph"), one photograph of The Who member Keith Moon, The Monkees member Micky Dolenz, choreographer and director David Winters, and pornographic actress Linda Lovelace standing together at Moon's star-studded 28th birthday party ("Group Photograph"), and one photograph of The Doors member Ray Manzarek holding a drink and standing next to The Who member Keith Moon at Moon's 28th birthday party ("Drink Photograph"), (Collectively, the Photographs).

20. Attached hereto as Exhibit A are true and correct copies of the Photographs.

21. Fortune registered the Photographs with the United States Copyright Office. The Photographs are registered under Registration Number VAu 477-427.

22. Defendant Feel Numb is a rock and roll music fan website.

23. Feel Numb was started in 2018 as a means to sell rock and roll t-shirts through the retail store Lemon Rags. Despite the retail store's eventual closure, Feel Numb postings continued.

24. Feel Numb's postings consist of rock and roll facts and obscure stories regarding Raul Rossell II's favorite bands.

25. Feel Numb is the owner and operator of the website http://www.feelnumb.com ("Website").

26. Feel Numb uses advertisements on its Website to monetize its content.

27. On or about May 13, 2020, Fortune discovered his Photographs being used by Feel Numb on its Website.

28. The Robe Photograph was used in the article entitled "Brian Wilson Showed Up To Keith Moon's 28th B-Day Party In A Bath Robe" to show the unpredictable nature and excitement of Keith's Moon 28th birthday.

29.     The Robe Photograph appeared under the following tag searches on Feel Numb's Website: "Brian Wilson," "Keith Moon," "The Who," and "The Doors."

30.     The Robe Photograph also appeared under the following category searches on Feel Numb's Website: "The Who," July 2015," and "The Beach Boys."

31.     The Robert Plant Photograph was used in an article entitled "Rock Stars Wearing The "Rock Star Blouse" to show male rock and roll stars wearing women's clothing.

32.     The Robert Plant Photograph appeared under the "Led Zeppelin" category search on Feel Numb's Website.

33.     The Group Photograph was used in the article entitled "Brian Wilson Showed Up To Keith Moon's 28th B-Day Party In A Bath Robe" to show how Keith Moon "knew how to party."

34.     The Drink Photograph was used in the article entitled "Brian Wilson Showed Up To Keith Moon's 28th B-Day Party In A Bath Robe" to show how another rock and roll star, The Doors' member Ray Manzarek, was also in attendance of Keith Moon's party.

35.     Fortune noticed the Group Photograph was cropped to remove David Winters so he is no longer visible.

36.     The Group Photograph also contains a unique watermark bearing the Fortune's name, "James Fortune Photography."

37.     Fortune noticed that Feel Numb had added its own watermark "found @ Feelnumb.com fn" to the Group Photograph and overlaid it on top of Fortune's "James Fortune Photography" watermark.

38.     Fortune also noticed that Feel Numb had added its own watermark "found @ Feelnumb.com fn" to the Drink Photograph.

39.    Fortune did not give Feel Numb permission to add its own watermark "found @ Feelnumb.com fn" to the Group Photograph and overlay it on top of Fortune's "James Fortune Photography" watermark.

40.    Fortune also did not give Feel Numb permission to add its own watermark "found @ Feelnumb.com fn" to the Drink Photograph.

41.    Attached hereto as Exhibit B are true and correct screenshots of the use of the Photographs on Feel Numb's Website.

42.    In no event did Fortune offer Feel Numb a license to use his Photographs in any manner.

43.    Fortune is informed and believes Feel Numb created unauthorized copies of the Photographs.

44.    Fortune is informed and believes Feel Numb uploaded the Photographs to its Website.

45.    Fortune has made several attempts to settle this case prior to the filing of this Complaint.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq.*

46.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47.    Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Photographs.

48.    Plaintiff is informed and believes and thereon alleges that said Defendant willfully infringed upon Plaintiff's copyrighted Photographs in violation of Title 17 of the U.S. Code, because, *inter alia*, the Defendant also knew or should have known that they did not have a legitimate license for the Photographs.

49.    As a result of Defendant's violation of Title 17 of the U.S. Code, Plaintiff is entitled to actual damages and profits pursuant to 17 U.S.C. §504(b), or

statutory damages in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c).

50.    As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendant.

51.    Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## SECOND CAUSE OF ACTION
### FALSIFICATION, REMOVAL AND ALTERATION OF COPYRIGHT MANAGEMENT INFORMATION
### 17 U.S.C. § 1202

52.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

53.    Defendant intentionally falsified, removed, and/or altered copyright management information related to the Group Photograph and Drink Photograph with the intent to induce, enable, facilitate, or conceal its infringement of the Group Photograph and Drink Photograph .Specifically, Defendant illegally downloaded the Group Photograph with a watermark containing Plaintiff's copyright management information and incorporated its own watermark on the Group Photograph and Drink Photograph so that its watermark would be prominently displayed before incorporating the Group Photograph and Drink Photograph into its posts on its Website.

54.    Defendant's conduct was knowing and intentional because Defendant knew that it was not the copyright holder in the Group Photograph and Drink Photograph and that Defendant had not licensed the Group Photograph and Drink Photograph for any use and knowingly altered the Plaintiff's copyright management information in the Group Photograph and incorporated its own watermark containing copyright management in the Group Photograph and Drink Photograph in order to conceal its infringing conduct.

55.    Defendant's conduct constitutes a violation of 17 U.S.C. § 1202(a), and 1202(b).

56.    Defendant's falsification, removal and/or alteration of that copyright management information was done without Plaintiff's knowledge or authorization.

57.    Defendant's falsification, removal and/or alteration of said copyright management information was done by Defendant intentionally, knowingly, and with the intent to induce, enable, facilitate, or conceal Defendant's infringement of the Group Photograph and Drink Photograph. Defendant also knew, or had reason to know, that such removal, falsification, and/or alteration of copyright management information would induce, enable, facilitate, or conceal Defendant's infringement of the Group Photograph and Drink Photograph.

58.    Plaintiff has sustained significant injury and monetary damages as a result of Defendant's wrongful acts as hereinabove alleged in an amount to be proven.

59.    In the alternative, Plaintiff may elect to recover statutory damages pursuant to 17 U.S.C. § 1203(c)(3) in a sum of not more than $25,000 from each Defendant for each violation of 17 U.S.C. § 1202.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Photographs by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

- For statutory damages in an amount up to $25,000 for each falsification or removal of copyright management information pursuant to 17 U.S.C. § 1202;

- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;

- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;

- For pre judgment interest as permitted by law; and

- For any other relief the Court deems just and proper.

Dated:      May 25, 2021                    Respectfully submitted,

**/s/ Hany Gonzalez**
Hany Gonzalez, Esq.
Cal. Bar No. 335677
**HIGBEE & ASSOCIATES**
1504 Brookhollow Dr., Ste 112
Santa Ana  CA 92705-5418
(714) 617-8358
(714) 597-6559 facsimile
*Attorney for Plaintiff*